[Cite as *State v. Baker*, 2010-Ohio-5564.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                         :   Case No.  09CA3331

    vs.                                                  :

CARL BAKER, JR.,                              :   DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.                     :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:   Richard M. Nash, Jr., 602 Chillicothe Street, Ste. 700,
Portsmouth, Ohio 45662

COUNSEL FOR APPELLEE:   Michael L. Jones, Portsmouth City Solicitor, and Jerry
L. Buckler, Portsmouth City Assistant Solicitor, 728
Second Street, Portsmouth, Ohio 45662

CRIMINAL APPEAL FROM MUNICIPAL COURT
DATE JOURNALIZED: 11-8-10

ABELE, J.

{¶ 1}   This is an appeal from a Portsmouth Municipal Court judgment that revoked the "probation"/community control sanction previously imposed upon Carl Baker, Jr., defendant below and appellant herein.   Appellant assigns the following errors for review:

        FIRST ASSIGNMENT OF ERROR:

        "THE TRIAL COURT ERRED WHEN IT APPLIED THE
        INCORRECT LEGAL STANDARD WHEN IT DETERMINED
        APPELLANT VIOLATED HIS COMMUNITY CONTROL
        SANCTIONS."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FINDING APPELLANT'S
COMMUNITY CONTROL SANCTIONS WERE VIOLATED
WHEN THE STATE FAILED TO PRODUCE EVIDENCE OF
A VIOLATION BY A PREPONDERANCE OF THE
EVIDENCE."

{¶ 2} Short on cash, appellant went on a theft spree in 2006. Consequently, in September and October 2006 four separate criminal cases were initiated against him in the Portsmouth Municipal Court.

{¶ 3} Eventually, appellant pled no contest and was found guilty on each charge. In each case, the trial court imposed a partially suspended one hundred eighty day (180) jail sentence and three years probation.[1] In 2009, the prosecution apparently filed a motion to revoke appellant's probation.

{¶ 4} At the October 8, 2009 hearing, Chief Probation Officer Mark Malone testified that appellant failed to pay his fines, failed to report for probation meetings and now faced a new "aggravated burglary" charge. The trial court ruled from the bench and found "probable cause" to revoke appellant's probation. This appeal followed.[2]

I

{¶ 5} In his first assignment of error, appellant asserts that the trial court used

---

[1] The trial court ordered the non-suspended portion of the jail sentences to be served consecutively to one another.

[2] The November 13, 2009 judgment also states that appellant "admitted the allegations in the motion to revoke probation." We, however, find no such admission in the record. Nevertheless, as this discrepancy was not raised on appeal, we ignore it for purposes of our review.

an incorrect burden of proof to find a probation violation.   Specifically, he points to the hearing transcript wherein the court rejected defense counsel's argument that a "preponderance of the evidence" standard should be used and, instead, announced that the court need only find "probable cause" of a probation violation.

{¶ 6}   As an abstract proposition, we agree that the trial court's remark was in error.   We have noted before that because community control revocation hearings are not criminal trials, the state is not required to establish a violation of the community control terms "beyond a reasonable doubt."   However, the state must present "substantial" proof that a defendant violated the community control terms.   This standard is akin to the civil preponderance of evidence burden of proof.   See e.g., In re C.M.C., Washington App. No. 09CA15, 2009-Ohio-4223, at ¶17; State v. Belcher, Lawrence App. No. 06CA32, 2007-Ohio-4256, at ¶12; State v. Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750, at ¶7.

{¶ 7}   For the following reasons, however, we find no reversible error in this case.   First, a trial court speaks through its journal, not through oral pronouncements. State v. Seals, Clark App. No. 2009CA4, 2010-Ohio-2843, at ¶65, fn. 3; State v. Smith, Butler App. No. No. CA2009-02-038, 2010-Ohio-1721, at ¶59; State v. Hillman, Franklin App. Nos. 09AP-478, 09AP-479 & 09AP-480, 2010-Ohio-256, at ¶15.   Here, the trial court did not repeat its "probable cause" statement in the final judgment.

{¶ 8}   Second, as we discuss in greater detail order appellant's second assignment of error, the probation officer's testimony is sufficient to find that appellant violated the terms of his probation under either burden of proof.   Thus, the trial court's misstatement is, at most, harmless error and should be disregarded.   See Crim.R.

52(A).

{¶ 9}   For these reasons, we find no merit in the first assignment of error and it is accordingly overruled.

II

{¶ 10} In his second assignment of error, appellant asserts that the evidence adduced at the hearing is insufficient to show that he violated the terms of his probation under a "preponderance" burden of proof.   We disagree.

{¶ 11} As this Court has noted, a "manifest weight" standard of review is used to assess the evidence adduced at a probation revocation hearing.   See Belcher, supra at ¶12; Wolfson, supra at ¶7.   In other words, a judgment will not be reversed if some competent, credible evidence supports the trial court's findings.   See Bryan-Wollman v. Domonko, 115 Ohio St.3d 291, 874 N.E.2d 1198, 2007-Ohio-4918, at ¶3; State v. Wilson, 113 Ohio St.3d 382, 865 N.E.2d 1264, 2007-Ohio-2202, at ¶21; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus.   We further point out that this standard of review is highly deferential and even "some" evidence is sufficient to support a trial court's judgment and prevent a reversal.   See Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989; Dyrdek v. Dyrdek, Washington App. No. 09CA29, 2010-Ohio-2329, at ¶16.

{¶ 12} In the case sub judice, Chief Probation Officer Mark Malone testified that appellant (1) failed to remain current in paying his fines, (2) failed to appear for probation meetings in August and September 2009, and (3) faced new criminal charges.   This evidence is sufficient to support the trial court's finding that appellant

violated the terms of his probation.

{¶ 13} Appellant counters that Malone could not say for sure whether appellant had paid his fines. Appellant pointed out that he was now being pursued by a collection agency and the matter was out of Malone's hands. In addition, appellant points out that the State offered no records or other evidence to substantiate Malone's testimony regarding appellant's failure to appear for probation meetings or his subsequent arrest for aggravated burglary.

{¶ 14} Generally, arguments concerning the quality or quantity of evidence relate to the weight and the credibility of the evidence rather than its sufficiency. The same is true with Malone's lack of knowledge as to whether appellant paid any portion of his fine to collection agents.[3] Questions concerning the weight of evidence or witness credibility lay in the purview of the trier of fact. The underlying rationale for deferring to the trier of fact on those issues is that it is best positioned to view witnesses, observe demeanor, gestures and voice inflections and to use those observations to weigh witness credibility. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Consequently, a trier of fact is free to believe all, part or none of the testimony of any witness who appears before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591.

---

[3] As the State aptly notes, however, a collection agency would not be necessary if appellant remained current on his payments. Furthermore, even if he paid arrearages to the collection agency, the fact remains that appellant was not current on

{¶ 15} In the case at bar, the trial court obviously found Malone's testimony persuasive, notwithstanding the absence of supporting evidence or knowledge of precisely what amount the collection agency may have recovered.   This evidence amply supports the trial court's conclusion.   Accordingly, we hereby overrule appellant's second assignment of error.[4]

{¶ 16} Having reviewed all errors appellant assigned, and having found no merit, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.


UDGMENT ENTRY

It is ordered the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

---

those payments at one time and that is why a collection agency was retained.

[4] Appellant argues that if we find the trial court's erroneous recitation of burden of proof harmless under his first assignment of error, we are, in essence, usurping the province of the trier of fact by determining the weight and credibility of the testimony under a preponderance burden.   This is not so.   The only way the trial court could find a probation violation under a "probable cause" standard was if it found Malone credible.   That finding of credibility would not change simply because the burden of proof was different.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs in Judgment Only

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.