[Cite as *State v. Doss*, 2012-Ohio-883.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 09CA20 |
| vs. | : | |
| SHELENA MARIE DOSS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Ohio Public Defender, 250 East Broad Street, Ste. 1400, Columbus, Ohio 43215[1]

COUNSEL FOR APPELLEE: C. Jeffrey Adkins, Gallia County Prosecuting Attorney, and Pat Story and Eric Mulford, Gallia County Assistant Prosecuting Attorneys, Gallia County Courthouse 18 Locust Street, 2nd Floor, Gallipolis, Ohio 45631

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-24-12

ABELE, P.J.

{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence. Shelena Marie Doss, defendant below and appellant herein, pled guilty to drug possession in violation of R.C. 2925.11(A). Appellant assigns the following errors for

---

[1] Different counsel represented appellant during the trial court proceeding.

review:

FIRST ASSIGNMENT OF ERROR:

"MS. DOSS WAS DEPRIVED OR HER RIGHT TO DUE
PROCESS UNDER THE FOURTEENTH AMENDMENT TO
THE UNITED STATES CONSTITUTION AND SECTION 10,
ARTICLE I OF THE OHIO CONSTITUTION WHEN THE
TRIAL COURT ACCEPTED AN UNKNOWING
UNINTELLIGENT, AND INVOLUNTARY PLEA."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT IMPOSED A
MANDATORY MINIMUM FINE OF $7,500 FOR MS. DOSS'S
THIRD-DEGREE FELONY CONVICTION IN VIOLATION OF
R.C. 2929.18(A)(3)(c) AND (B)(1)."

THIRD ASSIGNMENT OF ERROR:

"MS. DOSS WAS DEPRIVED OF HER RIGHT TO DUE
PROCESS UNDER THE FOURTEENTH AMENDMENT TO
THE UNITED STATES CONSTITUTION AND SECTION 16,
ARTICLE I OF THE OHIO CONSTITUTION WHEN HER
TRIAL ATTORNEY PROVIDED INEFFECTIVE ASSISTANCE
OF COUNSEL."

{¶ 2} On November 22, 2008, the Gallia County Grand Jury returned an indictment that charged appellant with drug possession (Count I) and allowing her property to be used for the commission of a felony drug offense in violation of R.C. 2925.13(B) (Count II). Pursuant to a plea agreement, appellant pled guilty to Count I in exchange for the dismissal of Count II.

{¶ 3} At the change of plea hearing, the trial court endeavored to explain appellant's rights and to ensure that her plea was knowing and voluntary. Satisfied that it was, the court accepted appellant's plea and found her guilty of Count I. At the August 2, 2009 sentencing hearing, the trial court sentenced appellant to serve five years in prison, to pay a fine and to pay

court costs.   This Court later granted appellant leave to file a delayed appeal and the matter is

properly before us for review.[2]

I

{¶ 4}   In her first assignment of error, appellant asserts that she entered her guilty plea

unknowingly and involuntarily.   In particular, she argues that the trial court failed to inform her

of her right to compulsory process of witnesses and the fact that she was subject to the mandatory

imposition of court costs.

{¶ 5}   Our review of the July 8, 2009 sentencing hearing transcript reveals that the trial

court asked appellant if she understood that she would "be giving up the right to have

compulsory process or the use of subpoena power to bring folks in here to testify on your behalf."

Appellant answered in the affirmative to the court's inquiry.   Although the transcript shows that

appellant was informed of her right to compulsory process, she argues in her reply brief that she

has an "eleventh-grade education" and did not understand what this meant.   However, even

assuming, arguendo, that appellant did not understand what "compulsory process" or "subpoena"

meant, the trial court explained to her that "folks [could be brought] in here to testify on her

behalf."   Appellant makes no argument that she did not understand this language and, even if

she had, we would have great difficultly accepting her argument.   Furthermore, the transcript

---

[2]During oral argument, a question arose whether the trial court had disposed of all pending counts in the indictment, or whether one count remained pending during the prosecution of this appeal.    Appellant subsequently filed a motion to remand the matter in order to dispose of any pending counts.    However, our review of the record reveals that Count II was, in fact, dismissed, albeit not included in the trial court's final judgment of conviction and sentence.    Thus, the record reflects that Count II has been resolved, a final order does indeed exist, and this court has jurisdiction to proceed to consider the merits of this appeal.    See generally State ex rel. Rose v. McGinty, 128 Ohio St.3d 371, 944 N.E.2d 672, 2011-Ohio-761. Consequently, we hereby overrule appellant's motion to remand.

reveals that the trial court explicitly asked appellant if she understood that she gave up this right by pleading guilty. She replied in the affirmative. A few pages later in the transcript, appellant was asked if she had "any questions about those" (in reference to the rights that were just explained). This time, she answered in the negative. Whatever appellant's education or expertise with the legal system, it is reasonable for the court to take the appellant at her word that she understood the matters that the trial court explained to her. We also think it reasonable to expect that if appellant was indeed confused, she could have asked for additional clarification, either from the trial court or her counsel.

{¶ 6} As to appellant's assertion that the trial court did not explain at the change of plea hearing that she could be required to pay court costs, or be required to perform community service if she did not pay the costs, this information is to be given at sentencing, not at a change of plea hearing. See 2947.23(A)(1)(a). Appellant counters that the notification requirement should be considered in the context of into Crim.R. 11(C)(2)(a), which prohibits trial courts from accepting guilty pleas without informing defendants of the "maximum penalty involved" in the case. However, this Court and others have rejected this argument. See State v. McDaniel, Vinton App. No. 09CA677, 2010-Ohio-5215, at ¶¶20-21; State v. Smith, Warren App. No. CA2010–06–057, 2011-Ohio-1188, at ¶¶13-14. We continue to adhere to that ruling. As we noted in McDaniel, supra at ¶20, the Ohio Supreme Court has stated that a judgment for court costs is "distinct" from criminal punishment and is more analogous to a judgment for civil damages. Id., citing State v. Joseph, 125 Ohio St.3d 76, 926 N.E.2d 278, 2010-Ohio-954, at ¶20. That said, court costs do not fall under the rubric of the "maximum penalty" as set out in the

Ohio Rules of Criminal Procedure.[3]

{¶ 7}   It is also worth mentioning that a defendant who challenges a guilty plea on the basis it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v. Stewart (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163; State v. Puckett, Scioto App. No. 03CA2920, 2005-Ohio-1640, at ¶11; also see Crim.R. 52(A).   The test for establishing prejudice is whether the guilty plea would have otherwise been made. State v. Nero (1999), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; also see Puckett, at ¶11; State v. Corbin, 141 Ohio App.3d 381, 386-387, 751 N.E.2d 505.   We have found nothing to suggest that appellant would have pled otherwise had (1) the meaning of "compulsory process" and "subpoena" been further explained to her, or (2) if appellant had known that she would be liable for court costs.

{¶ 8}   For these reasons, we find no merit to appellant's argument that the trial court failed to comply with Crim.R. 11(C), or that it accepted an unknowing and involuntary plea. Accordingly, we hereby overrule appellant's first assignment of error.

II

{¶ 9}   Appellant's second assignment of error involves the $7,500 fine that the trial court imposed at sentencing.   The gist of her argument is that the fine is incompatible with statute and, thus,   is invalid and renders her sentence void.   We disagree.

{¶ 10}  Appellant pled guilty to a third degree felony violation of R.C. 2925.11(A).   Trial courts may impose fines for third degree felonies up to $10,000. R.C. 2929.18(A)(3)(c).   In the

---

[3] Because "court costs" do not fall within the phrase "maximum penalty involved" for purposes of Crim.R. 11(C)(2)(a), the trial court was not required to inform appellant at the change of plea hearing that she could be required to perform community service if she failed to pay those costs.    We note, however, that the August 3, 2009 sentencing hearing transcript reveals that such information was conveyed to appellant at that time.

case of drug possession, courts are required to impose a mandatory fine of at least $5,000. Id. at

(B)(1).   Here, the trial court's sentence imposed a $7,500 fine, which falls within the statute's

permissible range.   What appellant challenges, however, is not the actual fine imposed, but,

rather, the trial court's rhetoric at the sentencing hearing.   Twice during that hearing the trial

court described the "minimum mandatory fine" for the offense as $7,500 which, as noted above,

is incorrect.   Appellant argues that this amounts to imposing a fine outside the statutory limit.

Again, we disagree.

{¶ 11}  A trial court speaks through its journal, not oral pronouncement.   State v. Baker,

Scioto App. No. 09CA3331, 2010-Ohio-5564, at ¶7; State v. Smith, Butler App. No. No.

CA2009-02-038, 2010-Ohio-1721, at ¶ 59; State v. Hillman, Franklin App. Nos. 09AP-478,

09AP-479 & 09AP-480, 2010-Ohio-256, at ¶ 15. Here, the trial court did not repeat in its journal

its comment about the "mandatory" fine.   The August 3, 2009 sentencing entry imposes a

$7,500 fine, but the word "mandatory" is omitted.   We view the court's sentencing hearing

statements as momentary confusion about the statute's terms.   This is particularly true in view of

the fact that during the July 8, 2009 change of plea hearing, the trial court correctly informed

appellant she faced "a maximum fine of $10,000 . . . with a minimum mandatory thereof being

one half thereof or $5,000."

{¶ 12}  Recently, this court considered a similar issue in State v. Weddington, Lawrence

No. 10CA19, 2011-Ohio-1017.   In that case, the trial court described the fine imposed as

mandatory when, in fact, it was not. Id. at ¶25.   That description was even carried into the

journal entry. Id.   A majority of this Court declined to recognize plain error, however, because

the fine was within the permissible statutory range and the appellant failed to show that the

outcome of the proceedings would have been different but for the trial court's error. Id. at ¶26.

**{¶ 13}** We believe that the case sub judice presents a much stronger argument for disregarding the trial court's misstatement, as the term "mandatory" was not included in the judgment entry as it was in Weddington.   We also fail to discern how appellant suffered prejudice in light of the fact that the fine the court ultimately imposed is within the court's statutory discretion. See Crim.R. 52(A).

**{¶ 14}** For these reasons, we hereby overrule appellant's second assignment of error.

III

**{¶ 15}** In her third assignment of error, appellant advances several claims that she received ineffective assistance from trial counsel.

**{¶ 16}** Criminal defendants have a right to counsel, and this includes a right to the effective assistance from counsel.   McCann v. Richardson (1970), 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182; State v. Doles (Sept. 18, 1991), Ross App. No. 1660. To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived the defendant of a fair trial.   See Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v. Goff (1998), 82 Ohio St.3d 123, 139, 694 N.E.2d 916.   In is important to recognize that both prongs of the Strickland test need not be analyzed if the claim of ineffective assistance can be resolved under one prong.   See State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. To establish the latter element,

i.e. existence of prejudice, a defendant must show a reasonable probability exists that, but for counsel's alleged error, the result of the trial would have been different. State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus. We further note that a licensed attorney is presumed competent. State v. Moss, Hocking App. No. 09CA6, 2010-Ohio-1135, at ¶24; State v. Countryman, Washington App. No. 08CA12, 2008-Ohio-6700, at ¶ 20.

{¶ 17} One of appellant's ineffective assistance claims is that counsel did not object that "the fine imposed was contrary to law." Here, our ruling on appellant's second assignment of error renders this argument without merit. The $7,500 fine is not contrary to law.

{¶ 18} Appellant also argues that trial counsel should have (1) objected to imposition of a fine because she was "indigent," (2) filed an indigency affidavit to seek avoidance of the fine, and (3) sought a waiver of court costs from the trial court.

{¶ 19} When considering a claim that trial counsel was ineffective for not filing an indigency affidavit under R.C. 2929.18(B)(1), the test applied by Ohio courts is whether a reasonable probability exists that the trial court would have found appellant indigent had such affidavit been filed. See State v. Howard, Montgomery App. No. 21678, 2007-Ohio-3582, at ¶15; State v. Gore, Lucas App. No. L-05-1242, 2006-Ohio-5622, at ¶14. The same test applies to an ineffective assistance claim based on a failure of counsel to seek waiver of court costs. See State v. Smith, Warren App. No. CA2010–06–057, 2011-Ohio-1188, at ¶64; State v. Blade, Cuyahoga App. Nos. 88703, 88704 & 88705, 2007-Ohio-5323 at ¶13. For the following reasons, we do not believe that a reasonable probability exists that the trial court would have found appellant indigent.

{¶ 20} Our review of the record reveals little information regarding appellant's future ability to pay the fine and court costs. Nevertheless, the Presentence Investigation Report (PSI) indicates that appellant attended high school to the eleventh grade. Appellant answered "yes" when asked if in "good health" and further responded in the negative when asked about any "physical problems" or whether one had been to a mental health clinician. Appellant represented that she has no income, including no "welfare," but she also has two children which may make her eligible for such monies in the future.[4] By the same token, appellant also stated that she has no expenses, except for a "financial obligation [to] Gallipolis Municipal Court" and that she lives with her stepmother.

{¶ 21} A determination that appellant was indigent requires that the court consider both present and future ability to pay the fine and costs. See, generally, State v. Jacobs, 189 Ohio App.3d 283, 938 N.E.2d 79, 2010-Ohio-4010 at ¶11; R.C. 2929.19(B)(6). Admittedly, appellant's current financial situation looks bleak. Given the information in the PSI, however, and considering that she will be in her twenties and healthy when she completes her prison sentence, appellant has not persuaded us that she lacks the future ability to pay the fine and court costs. Therefore, we cannot conclude that a reasonable probability exists that appellant would have been found indigent had her counsel raised the issue. Consequently, we cannot find that trial counsel's performance was constitutionally ineffective for failing to raise the issue.

{¶ 22} Accordingly, we hereby overrule appellant's third assignment of error.

{¶ 23} Having considered all of the errors assigned and argued, we affirm the trial court's

---

[4] These children were said to be "living with" appellant's aunt, but it is unclear whether that aunt has custody or is simply caring for the children.

judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the appeal be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion
Kline, J.: Concurs in Judgment Only

For the Court

BY:_____
Peter B. Abele
Presiding Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.