[Cite as *State v. Dixon*, 2013-Ohio-4149.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2013 CA 00003 |
| DANIELLE FAITH DIXON | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                              Pleas, Case No.  2012 CR 01023


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       September 23, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       EUGENE CAZANTZES
PROSECUTING ATTORNEY                  101 Central Plaza South
RONALD MARK CALDWELL                  Suite 1000
ASSISTANT PROSECUTOR                  Canton, Ohio  44702
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1} Appellant Danielle Faith Dixon appeals her convictions and sentence, in the Court of Common Pleas, Stark County, on counts of aggravated arson, arson, and domestic violence. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On the morning of July 1, 2012, police officers were dispatched to a residence on Lesh Road NE in Canton, following a 911 call reporting a domestic disturbance. The call had been made by Jerry Lanksford, who lived at the residence with his teenage son and Appellant Dixon. Lanksford had been out all night, and when he arrived home, appellant began arguing with him. Both Lanksford and appellant had been drinking during the previous night. The responding officers did not make any arrests on this call, but they advised Lanksford to get away from the residence for awhile.

{¶3} In the early afternoon of that same day, Lanksford again called 911, reporting that appellant had thrown a phone at him, striking him in the head, and had sprayed lighter fluid around the residence. Lanksford also reported that a fire had started near one of the bedrooms. Lanksford and his son were able to put the fire out by themselves before exiting the house. Lanksford noticed that the tires on his car were flat and that there were matches near the gasoline tank opening. Appellant left the area, but was later apprehended when she pulled into the driveway in an automobile. She had a cut on her finger and appeared intoxicated.

{¶4} On July 31, 2012, appellant was indicted on two counts of aggravated arson under R.C. 2909.02(A)(1), both first-degree felonies; one count of arson under

2909.03(A)(1), a first-degree misdemeanor; and one count of domestic violence under R.C 2919.25(A), a first-degree misdemeanor.

{¶5} The case proceeded to a jury trial on November 11-12, 2012. Appellant was found guilty on all four counts as charged in the indictment.

{¶6} On November 21, 2012, the trial court sentenced appellant to two concurrent seven-year prison terms for the aggravated arson convictions, a concurrent 180-day sentence for the arson conviction, and a concurrent 180-day sentence for the domestic violence conviction. The aggregate sentence was thus seven years in prison.

{¶7} Appellant filed a notice of appeal on January 4, 2013. This Court granted leave for a delayed appeal on February 8, 2013. Appellant herein raises the following four Assignments of Error:

{¶8} "I. THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS WHEN IT IMPOSED A SENTENCE PUNISHING HIM (SIC) FOR EXERCISING HIS (SIC) RIGHT TO A JURY TRIAL.

{¶9} "II. THE TRIAL COURT ERRED BY PERMITTING A NON-EXPERT WITNESS TO GIVE AN OPINION OUTSIDE THE SCOPE OF EVID. R. 701.

{¶10} "III. THE APPELLANT WAS DENIED HIS (SIC) RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶11} "IV. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

I.

{¶12} In her First Assignment of Error, appellant contends the trial court deprived her of her due process rights by imposing a higher sentence than the State had offered during pretrial plea negotiations. We disagree.

{¶13} A criminal defendant should not be punished for exercising his or her constitutional right to trial or for refusing to enter into a plea agreement. *See State v. O'Dell* (1989), 45 Ohio St.3d 140, 543 N.E.2d 1220, paragraph two of the syllabus. "Therefore, although sentencing is generally left to the sound discretion of the trial judge, appellate courts have found that the trial court abuses its discretion when the record affirmatively demonstrates that defendant received an enhanced sentence in retaliation for rejecting a plea offer." *State v. Warren* (1998), 125 Ohio App.3d 298, 307. "If courts could punish defendants for exercising their constitutional right to a jury trial, the right would be impaired by the chilling effect." *State v. Morris,* 159 Ohio App.3d 775, 825 N.E.2d 637, 2005-Ohio-962, ¶ 12 (additional citations omitted).

{¶14} In the case sub judice, the State concedes that before and during trial, the trial court offered appellant opportunities to accept a plea offer that would have resulted in a prison term of four years, with judicial release being considered after one year; however, appellant turned down the offer. It also appears undisputed that the trial court did not specifically state that retaliation was not a reason for the sentence ordered. At sentencing, the trial court did state, inter alia, that it was relying upon appellant's prior record, specifically a vandalism conviction from Tennessee. *See* Sentencing Tr. at 12-13. In support of her claim that the higher sentence stemmed from retaliation for her choice to go to trial, appellant maintains this conviction was not a factor that came to

light during the course of the trial; rather, it had been known to the trial court from early in the case because it had been the subject of a motion in limine by appellant, which the court had granted. We note that at a break in the trial, after Lanksford had finished most of his testimony, a plea settlement was briefly discussed, with the trial court stating as follows to appellant:

{¶15} "THE COURT: The other thing I want to point out to you. I mean the possible sentence, the maximum when you combine everything can be close to what? You got two felonies of the first degree; I mean close to 18 years. Now, I'm not saying that I would give you 18 years. I'll be honest enough to tell you from what I heard I wouldn't give you 18 years, but you could get a lot of years, okay. So you're playing with a lot of things here, okay." Tr. at 154-155.

{¶16} The burden of proving that a sentence was vindictive because of a defendant's exercise of his or her right to a jury trial falls on the defendant. *See State v. Elkins*, 6th Dist. Sandusky No. S-08-014, 2009-Ohio-2602, ¶ 18 (additional citations omitted). Appellant herein does not seek to argue that her sentence was in violation of Ohio's sentencing statutes or was otherwise contrary to law. The above quote from the trial court judge provides every indication to us that if the jury trial would indeed proceed from that point, he intended to base his sentencing decision on the relevant factors as they developed. Upon review, we find appellant has not met her burden on appeal to demonstrate that the higher sentence she ultimately received was based on vindictiveness or retaliation on the part of the trial court.

{¶17} Appellant's First Assignment of Error is therefore overruled.

II.

{¶18} In her Second Assignment of Error, appellant argues the trial court erred in allowing the State's fire investigator to give opinion testimony at trial. We disagree.

{¶19} Along with Lanksford and Canton Police Officer Kevin Sedares, the State called Joseph Carafelli, a fire investigator for the City of Canton. Carafelli was at the scene on July 1, 2012 and also spoke with appellant at the hospital later that day. He testified that after first talking to police officers at the residence, he went over to appellant's vehicle, where he observed "at least three partially burnt matches inside the fill cap of the gas tank." Tr. at 181. He was subsequently asked by the prosecutor to give his opinion as to why it is dangerous to put lit matches into a gas tank opening, to which he responded:

{¶20} "Well, here's what a lot of people don't recognize. It's not the liquid that actually burns in gasoline, it's the fumes. And what we'd have a danger of occurring here would be if fumes were present there at the cap, at the refill cap, that they would ignite.

{¶21} "I wouldn't put a lit match at a gas tank on a bet; put it that way, I mean [a] dangerous thing to do." Tr. at 188.

{¶22} Carafelli proceeded to testify as to his investigation inside the house, including the numerous areas where he detected the presence of lighter fluid. When asked to describe why it would be dangerous to have lighter fluid near the bedroom door, Carafelli stated:

{¶23} ""Well, if Mr. Lanksford, in fact, had the lighter fluid all over him and he's inside the room and you're spraying lighter fluid across the door, you run the risk of him

being ignited, especially if he comes out and tries to stamp it out, could have been ignited.

**{¶24}** "Probably one of the more severe dangers was actually across the hall. With the amount that was sprayed in that room, had it ignited in that room, that room would have been quickly engulfed in flame probably preventing any escape out the door from across the hall." Tr. at 202.

**{¶25}** Appellant's defense counsel at trial did not object to Carafelli's testimony at either of the above points.

**{¶26}** Generally, the admission or exclusion of relevant evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180, 510 N.E.2d 343. However, an error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804: Crim.R. 52(B). In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. *Long, supra*, paragraph two of the syllabus. Furthermore, the defendant bears the burden of demonstrating that a plain error affected his substantial rights. *United States v. Olano* (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; *State v. Perry* (2004), 101 Ohio St.3d 118, 120, 802 N.E.2d 643. Even if a defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to "prevent a manifest miscarriage of justice." *See State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (additional citations omitted).

**{¶27}** Evid.R. 702 reads as follows in pertinent part:

**{¶28}** "A witness may testify as an expert if all of the following apply:

**{¶29}** "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

**{¶30}** "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

**{¶31}** "***."

**{¶32}** Upon review, we find Carafelli's above opinions were not offered as expert testimony and were well within the parameters of laypersons' knowledge of basic fire safety and the common use and handling of automotive gasoline and household lighter fluid products; as such, we find appellant has not established plain error affecting her substantial rights under the circumstances of this case.

**{¶33}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶34}** In her Third Assignment of Error, appellant contends she was deprived of the effective assistance of counsel at trial. We disagree.

**{¶35}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis: First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's

ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. Furthermore, both prongs of the *Strickland* test need not be analyzed if the claim of ineffective assistance can be resolved under one prong. *State v. Doss*, 4th Dist. Gallia No. 09CA20, 2012-Ohio-883, ¶ 16, citing *State v. Madrigal* (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52.

**{¶36}** Appellant's focus herein again pertains to Fire Investigator Carafelli's testimony; specifically, appellant maintains her trial counsel was ineffective for failing to object to Carafelli's aforementioned "opinions" regarding the danger of matches near a gas tank opening and lighter fluid sprayed near a door. We note that because Lanksford was present during most of appellant's actions in the house and because Lanksford's car did not burn, the case sub judice does not significantly entail the utilization of an expert's testimony as to whether the fire was deliberately set by the defendant, as might be encountered in cases where the origin of the fire is more difficult to ascertain.

**{¶37}** Accordingly, having reviewed the record, and in light of our analysis under appellant's Second Assignment of Error, we find no showing that appellant's counsel's performance prejudiced appellant's defense such that reversal would be warranted.

**{¶38}** Appellant's Third Assignment of Error is overruled.

IV.

**{¶39}** In her Fourth Assignment of Error, appellant contends her convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. We disagree.

**{¶40}** In reviewing a claim based on the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶41}** Appellant in the case sub judice was convicted of domestic violence. R.C. 2919.25(A) states as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Physical harm to a person means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." *See* R.C. 2901.01(A)(3).

**{¶42}** Appellant was also convicted of aggravated arson. R.C. 2909.02(A)(1) states: "No person, by means of fire or explosion, shall knowingly *** [c]reate a substantial risk of serious physical harm to any person other than the offender."

**{¶43}** Appellant was also convicted of arson. R.C. 2909.03(A)(1) states: "No person, by means of fire or explosion, shall knowingly *** [c]ause, or create a substantial risk of, physical harm to any property of another without the other person's consent." Physical harm to property means "any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment." *See* R.C. 2901.01(A)(4).

{¶44} In the case sub judice, Lanksford testified that appellant struck him in the head with her cell phone, and Officer Sedares confirmed that Lanksford had a recent cut on his forehead. The State also relied upon letters appellant wrote in which she admitted striking Lanksford and spraying lighter fluid in the house. Lankford's additional testimony, along with the fire investigator's account of his on-site investigation, provided proof that appellant's actions in spraying lighter fluid around the house (including spraying some on Lanksford's person) and starting a fire inside created a substantial risk of serious physical harm to both Lanksford and his son, just as lighting matches by the opened gas tank created a risk of fire or explosion to the motor vehicle.

{¶45} We therefore hold appellant's convictions for domestic violence, aggravated arson, and arson were supported by sufficient evidence.

{¶46} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See also, State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

{¶47} Appellant urges that the evidence presented could have equally supported the inference that appellant sprayed lighter fluid in an attempt to damage certain property of Lanksford, but that he was the culprit in lighting a fire inside the house and

in placing matches around his gasoline filler cap in a scheme to force appellant's removal from the home, his loss of interest in the relationship exemplified by his decision to stay out all the previous night. The trial record reveals that appellant took the stand in her defense and testified that while she had sprayed lighter fluid around the house (while denying that she ever tried to put any on Lanksford's person), she maintained that she had never lit the fluid. She further denied any involvement in lighting matches near the gas tank filler of Lanksford's vehicle. Appellant stated she had been "casually" drinking but conceded she went into a fit of rage, akin to a blackout. *See* Tr. at 215, 231. It is also noteworthy that when Fire Investigator Carafelli spoke with appellant at the hospital, "[s]he would deny setting the fire but then she would – it was kind of odd because then she would turn around and give us the reasons why she did it; because he stayed out all night and *** she was angry about that ***." Tr. at 203.

{¶48} Upon review of both the State's witnesses and appellant's testimony as the sole defense witness, we are unpersuaded that the jury lost its way in assessing the evidence in this case. The jurors, as the firsthand triers of fact, were patently in the best position to gauge the truth. Upon review, we find the jury's decision did not create a manifest miscarriage of justice requiring that appellant's convictions be reversed and a new trial ordered.

**{¶49}**  Appellant's Fourth Assignment of Error is overruled.

**{¶50}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.


By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.


_____

HON. JOHN W. WISE


_____

HON. SHEILA G. FARMER


_____

HON. CRAIG R. BALDWIN


JWW/ d 0827

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
DANIELLE FAITH DIXON                   :
                                       :
    Defendant-Appellant                :          Case No. 2013 CA 00003


For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.



                                       _____
                                       HON. JOHN W. WISE


                                       _____
                                       HON. SHEILA G. FARMER


                                       _____
                                       HON. CRAIG R. BALDWIN