[Cite as *State v. Arnold*, 2014-Ohio-264.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 11CA21 |
| v. | : | |
| | | DECISION AND |
| GARY ARNOLD, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 01/21/2014 |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Melissa M. Prendergast, Assistant Ohio Public Defender, Columbus, Ohio, for Defendant-Appellant.

Colleen S. Williams, Meigs County Prosecuting Attorney, and Amanda Hall, Meigs County Assistant Prosecuting Attorney, Pomeroy, Ohio, for Plaintiff-Appellee.

Hoover, J.

{¶ 1} Appellant Gary Arnold ("Arnold") appeals a portion of his sentence after he was found guilty by a jury in the Meigs County Common Pleas Court of two counts of unlawful sexual conduct with a minor, and one count of pandering sexually oriented material involving a minor. The trial court sentenced Arnold to a thirteen-year term of incarceration and also ordered Arnold to pay court costs and fines. On appeal, Arnold contends that the trial court erred when it ordered him to pay fines without first determining his present and future ability to pay. Arnold further contends that he received ineffective assistance of counsel, because his trial counsel failed to submit evidence of his indigency at the time of sentencing and failed to object to the imposition of fines and court costs.

{¶ 2}  Because there is evidence in the record indicating that the trial court considered Arnold's ability to pay fines, as required by R.C. 2929.19(B)(5), we find that the trial court did not err in imposing fines.  Moreover, because the trial court properly considered Arnold's ability to pay, Arnold was not prejudiced by his trial counsel's failure to object to the imposition of fines or costs, or his counsel's failure to put forth evidence of his indigence.  Accordingly, we affirm the trial court's judgment.

{¶ 3}  Following a jury trial, Arnold was convicted of two counts of unlawful sexual conduct with a minor, a third degree felony in violation of R.C. 2907.04[1]; and one count of pandering sexually oriented material involving a minor, a second degree felony in violation of R.C. 2907.322.  A fourth count, identified in the indictment as count three, was dismissed prior to trial.

{¶ 4}  After the jury verdict was announced, the trial court ordered the preparation of a presentence investigation report ("PSI")[2], and continued the matter for sentencing.

{¶ 5}  A sentencing hearing was held and Arnold was sentenced to four years incarceration on each count of unlawful sexual conduct with a minor, and to five years incarceration on the one count of pandering sexually oriented material involving a minor.  The prison terms were ordered to run consecutively to each other, for an aggregate prison sentence of thirteen years.  The trial court also ordered Arnold to pay court costs, and imposed a $1,000.00 fine for each of the three offenses, for an aggregate fine of $3,000.00.  Arnold's trial attorney did not object to the imposition of the $3,000.00 fine, or to the imposition of court costs.  Finally, Arnold was ruled a Tier II sex offender.

---

[1] Unlawful sexual conduct with a minor is a third degree felony when the offender is ten or more years older than the victim.  R.C. 2907.04(B)(3).  Here, the jury determined that Arnold was ten or more years older than the victim.
[2] The PSI was supplemented into this Court's record on August 5, 2013, at the request of Arnold.

{¶ 6}     The trial court subsequently entered a sentencing entry and Arnold filed a notice

of appeal from the entry.  This Court sua sponte raised the issue of whether we had jurisdiction

over the case since the appealed from entry did not comply with *State v. Baker*, 119 Ohio St.3d

197, 2008-Ohio-3330, 893 N.E.2d 163, since the entry did not contain the basis for Arnold's

conviction, i.e., a finding of guilty following a jury trial.  However, the trial court issued an

amended sentencing entry in compliance with *Baker*, and thus we concluded that we had

jurisdiction to hear the appeal because a final appealable order had been issued.[3]

{¶ 7}     Arnold assigns two errors for our review:

First Assignment of Error:

> The trial court erred when it imposed $3,000 in fines without considering Mr.
> Arnold's present and future ability to pay that financial sanction.  Crim.R. 52(B);
> R.C. 2929.18(B)(1); R.C. 2929.19(B)(5); (June 27, 2011 Sentencing Tr., p. 8-11;
> October 14, 2011 Sentencing Entry, p. 1-3).

Second Assignment of Error:

> Mr. Arnold's attorney was ineffective because he failed to submit evidence of Mr.
> Arnold's indigence to the court at the time of sentencing and failed to object to
> the imposition of fines, court costs, and jury fees.  Sixth and Fourteenth
> Amendments to the United States Constitution; Section 10, Article I of the Ohio
> Constitution.  (June 27, 2011 Sentencing Tr., p. 8-11; October 14, 2011
> Sentencing Entry, p. 1-3).

{¶ 8}     In his first assignment of error, Arnold contends that the trial court erred in

imposing fines without making a determination of his present and future ability to pay.

{¶ 9}  Trial courts may impose fines for second degree felonies up to $15,000.00, and for

third degree felonies up to $10,000.00.  R.C. 2929.18(A)(3)(b)-(c).  However, "[b]efore

imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall

consider the offender's present and future ability to pay the amount of the sanction * * * ."  R.C.

---

[3] This appeal was also previously dismissed for a failure to prosecute the appeal.  However, after dismissal of the
appeal, the trial court granted Arnold's previously filed motion for appointment of appellate counsel.  Upon
notification of these events, we reinstated this appeal.

2929.19(B)(5). " '[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion.' " *State v. Rizer*, 4th Dist. Meigs No. 10CA3, 2011-Ohio-5702, ¶ 49, quoting *State v. Rickett*, 4th Dist. Adams No. 07CA846, 2008-Ohio-1637, ¶ 4.

{¶ 10} While it is preferable, it is not necessary that the trial court explicitly state in its judgment entry that it considered the defendant's ability to pay a financial sanction. *State v. Bulstrom*, 4th Dist. Athens No. 12CA19, 2013-Ohio-3582, ¶ 15, citing *Rizer* at ¶ 49. Instead, we must review the "totality of the record" to determine whether the requirement has been satisfied. *Id*. " 'If the record shows that the court considered a presentence investigation report that provides pertinent information about the offender's financial situation and his ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5).' " *Id*., quoting *State v. Petrie*, 4th Dist. Meigs No. 12CA4, 2013-Ohio-887, ¶ 5.

{¶ 11} In the case sub judice, the trial court never explicitly stated that it considered Arnold's present and future ability to pay the imposed fines. However, the trial court did explicitly state at the sentencing hearing and in the amended sentencing entry that it considered the record and the PSI in imposing the sentence.

{¶ 12} The PSI contains information about Arnold's age, education, physical and mental health, and employment history. Specifically, the PSI indicates that Arnold was 38 years old at sentencing. It further reveals that Arnold dropped out of high school after the tenth grade, but he has obtained a GED. Arnold is physically and mentally healthy. Arnold was employed full-time prior to his arrest, and he has left two previous full-time jobs to seek better employment opportunities.

{¶ 13} In addition to the contents of the PSI, the trial transcript reveals that Arnold was employed and that he met the victim by offering her a job with his employer. "The trial court may rely on trial testimony in considering the defendant's ability to pay fines." *State v. Burns*, 8th Dist. Cuyahoga No. 95465, 2011-Ohio-4230, ¶ 43. Finally, Arnold filed a motion to reduce bond with the trial court, in which he asserted that up until the time of his arrest, he was employed at a local business.

{¶ 14} Because the PSI contains pertinent information about Arnold's financial situation, and because other record evidence indicates that Arnold was employed up until the time of his arrest, the totality of the record supports the conclusion that the trial court sufficiently considered Arnold's present and future ability to pay the imposed fines. Furthermore, the fact that the trial court found Arnold indigent and appointed counsel for purposes of appeal does not necessarily mean that the trial court failed to consider his present and future ability to pay. *Rickett*, 2008-Ohio-1637 at ¶ 7; *see also State v. Waddell*, 4th Dist. Lawrence No. 10CA27, 2011-Ohio-4629, ¶ 8, fn. 2 ("Indigency for purposes of affording counsel, and for purposes of paying fines, are separate and distinct issues."). Accordingly, we overrule Arnold's first assignment of error.

{¶ 15} In his second assignment of error, Arnold contends that he received ineffective assistance from counsel because his trial counsel failed to provide the trial court, at the time of sentencing, with an affidavit demonstrating his indigence, and failed to object to the imposition of the fines and costs[4]. Essentially, Arnold argues that he is indigent, cannot pay the costs or

---

[4] We note that court costs are governed by R.C. 2947.23 and are not considered financial sanctions. *State v. Stone*, 4th Dist. Scioto No. 11CA3462, 2013-Ohio-209, ¶ 27; *see also* R.C. 2929.18(A). R.C. 2947.23(A)(1) requires "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." "Despite the fact that R.C. 2947.23(A) requires a judge to assess court costs against all criminal defendants, the Supreme Court of Ohio has held that 'waiver of costs is permitted – but not required – if the defendant is indigent.'" *Stone* at ¶ 28, quoting *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11. The proper time for a criminal defendant to move for waiver of court costs is at the time of sentencing. *Stone* at ¶ 29.

fines, and the outcome of the proceedings would have been different if trial counsel had objected.

{¶ 16} Criminal defendants have a right to counsel, including a right to the effective assistance from counsel. *See McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn. 14; *State v. Stout*, 4th Dist. Gallia No. 07CA5, 2008-Ohio-1366, ¶ 21. To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." (Citations omitted.) *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other."). In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶ 17} "When considering a claim that trial counsel was ineffective for not filing an indigency affidavit [to seek avoidance of a fine] * * * the test applied by Ohio courts is whether a reasonable probability exists that the trial court would have found appellant indigent had such

affidavit been filed." *State v. Doss*, 4th Dist. Gallia No. 09CA20, 2012-Ohio-883, ¶ 19.[5] "The

same test applies to an ineffective assistance claim based on a failure of counsel to seek waiver

of court costs." *Id*. "A determination that appellant was indigent requires that the court consider

both present and future ability to pay the fine and costs." *Id*. at ¶ 21.

{¶ 18}  As discussed above, we find that the trial court did consider Arnold's present and

future ability to pay the fines and court costs.  Therefore, we cannot conclude that a reasonable

probability exists that Arnold would have been found indigent had his counsel raised the issue by

affidavit or objection.  Consequently, we cannot find that trial counsel's performance was

constitutionally ineffective for failing to raise the issue.  Arnold's second assignment of error is

overruled.

{¶ 19}  Having considered and overruled both of Arnold's assignments of error, we

affirm the judgment of the trial court.

                                                                JUDGMENT AFFIRMED.

---

[5] While the *Doss* court dealt with an indigency affidavit filed under R.C. 2929.18(B)(1) to seek the avoidance of a
mandatory fine, we find the *Doss* analysis equally applicable to the case at hand even though the fines imposed in
the case sub judice were not statutorily mandated.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

By:_____
          Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.