DECISION AND JUDGMENT ENTRY
{¶ 1} Randy J. Puckett appeals his conviction and sentence in the Scioto County Court of Common Pleas. Puckett contends that: (1) his guilty plea was not knowingly and intelligently entered because the trial court informed him of the incorrect maximum penalty; (2) the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea; and (3) the trial court erred in imposing a higher sentence than that which was disclosed as the maximum penalty when he entered his guilty plea. Because the transcripts reveal that the trial court informed Puckett of an incorrect maximum penalty, we agree with Puckett's first assignment of error and decline to address his remaining arguments. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
 I. {¶ 2} On August 14, 2003, Puckett pled guilty to a fourth degree felony of driving under the influence of drugs or alcohol with three or more prior convictions within six years in violation of R.C. 4511.19(A)/4511.99(A)(4)(a)(i). Puckett claims he pled guilty pursuant to a plea agreement under which the State promised him treatment at a community based correctional facility in lieu of prison.
 {¶ 3} At the plea change hearing, the trial court informed Puckett that he was charged with a fourth degree felony, which carried "a maximum prison sentence of eighteen months and a maximum fine of $5,000." Puckett advised the court that he understood the maximum penalty.
 {¶ 4} In its judgment entry, the trial court stated that it "* * * advised the defendant of the charge against him, and the penalty provided by law * * *." The record also includes a document entitled "Maximum Penalty", which recites the charged offense as a fourth degree felony with a maximum prison term of eighteen months and fine of $5,000. This document is signed by Puckett and his trial counsel and states: "The defendant on this 14th day of August, 2003, certifies that the above [maximum penalty] was explained to him/her in open court by the judge and that he understands the penalty provided by law that he/she faces."
 {¶ 5} Before sentencing, Puckett submitted to a drug screening, which tested positive for methamphetamines. Because of the positive drug test, Puckett would have to serve at least sixty days in prison before being released to a community correctional facility.
 {¶ 6} On October 17, 2003, the trial court held the sentencing hearing. At that hearing, but prior to the court passing sentence, Puckett moved to withdraw his guilty plea on the basis that he entered the plea with the understanding he would serve his time at a community based correctional facility, not prison. The trial court denied the motion and sentenced Puckett to thirty months in prison. Puckett's counsel questioned the trial court regarding the sentence. The transcript reads as follows:
Defense Counsel: Your Honor, what was the months that he was sentenced to?
Court: Thirty months.
Defense Counsel: Under an F-4 was not the max that he could get eighteen months?
Court: Thirty months in prison. That is the statutory penalty pursuant to 4511.19(a1)(a4)(aI) (sic). I will show you the sentence if you would like to see it. He's the one who talked himself into this sentence.
 {¶ 7} Puckett appeals and raises the following assignments of error: "[I.] Appellant did not knowingly and intelligently enter a guilty plea; [II.] The trial court erred in not permitting Appellant to withdraw his guilty plea prior to sentencing; [III.] The trial court erred in imposing a prison sentence of thirty (30) months after being instructed by the court at the time a guilty plea was entered that the maximum possible penalty would be a prison sentence of eighteen (18) months."
 II. {¶ 8} We limit our review to Puckett's first assignment of error because we find it dispositive. Puckett claims his guilty plea was neither intelligent nor knowing because the trial court informed him of an incorrect maximum penalty. Crim.R. 11(C)(2) states, in pertinent part: "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of themaximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." (Emphasis added.)
 {¶ 9} In determining whether to accept a guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. State v. Johnson (1988), 40 Ohio St.3d 130, syllabus; Crim.R. 11(C). To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). Knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent, and voluntary plea. Johnson at 133, citing State v. Stewart
(1977), 51 Ohio St.2d 86, 88. However, Crim.R. 11(C)(2)(a) requires the trial court explain to a defendant, before it accepts the defendant's plea, "the nature of the charge and of the maximum penalty involved.Johnson at 133. Furthermore, under Ohio law, "it is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea." State v. Corbin, 141 Ohio App.3d 381,386-387, 2001-Ohio-4140, citing State v. Wilson (1978),55 Ohio App.2d 64; State v. Gibson (1986), 34 Ohio App.3d 146.
 {¶ 10} Strict compliance with Crim.R. 11(C) is preferred; however, a reviewing court will consider a plea knowing, intelligent, and voluntary so long as the trial judge substantially complies with that rule. Statev. Boshko (2000), 139 Ohio App.3d 827. In this context, "substantial compliance" means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Stewart (1977), 51 Ohio St.2d 86; Statev. Carter (1979), 60 Ohio St.2d 34, 38, certiorari denied (1980),445 U.S. 953.
 {¶ 11} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra at 93; Crim.R. 52(A). "The test is whether the plea would have otherwise been made." State v. Nero (1999),56 Ohio St.3d 106, 108, citing Stewart, supra; Corbin at 386.
 {¶ 12} Here, Puckett relies solely on the "Maximum Penalty" document as proof the trial court informed him of the incorrect maximum prison sentence. Puckett argues that if the trial court had informed him of the correct maximum sentence, that he would have pled not guilty and forced the State to prove the charges against him at trial. The State, on the other hand, concedes the mistaken entry in the "Maximum Penalty" document, but argues that this court must presume the validity of the trial court's Crim.R. 11 hearing because Puckett failed to include a transcript of that hearing as part of the appellate record.
 {¶ 13} The appellant bears the duty of providing all transcripts necessary for full appellate view. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. However, App.R. 9(E) provides, in pertinent part: "If anything material to either party is omitted from the record by error or accident * * * the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."
 {¶ 14} Here, Puckett failed to meet the burden of providing all transcripts necessary for full appellate review. Nonetheless, because we found the transcript from the Crim.R. 11(C) hearing material and necessary for proper appellate review, we exercised our discretionary power under App.R. 9(E) and supplemented the record with that transcript. Because that transcript revealed that the trial court informed Puckett of an incorrect maximum penalty, we must conclude that Puckett's plea was not knowingly, intelligently, and voluntarily entered. Crim.R. 11(C)(2)(a) specifically requires the trial court to inform a defendant of the maximum penalty before accepting a guilty plea. Ohio law requires a defendant's knowledge of the maximum penalty before a trial court may accept a guilty plea. See, Corbin, 141 Ohio App.3d at 386-387,2001-Ohio-4140, citing Wilson, 55 Ohio App.2d 64; Gibson,34 Ohio App.3d 146.
 {¶ 15} Accordingly, we sustain Puckett's first assignment of error. We decline to address the remaining assignments of error because they are now moot. App.R. 12(A)(1)(c).
 Judgment Reversed and Remanded. JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.