[Cite as *State v. Ohler*, 2022-Ohio-4066.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

WENDY OHLER,

    DEFENDANT-APPELLANT.

CASE NO. 3-22-23

**O P I N I O N**

Appeal from Crawford County Common Pleas Court
Trial Court No. 22-CR-0026

**Judgment Affirmed**

**Date of Decision: November 14, 2022**

APPEARANCES:

    *Edwin M. Bibler* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Wendy Ohler ("Ohler") brings this appeal from the judgment of the Common Pleas Court of Crawford County convicting her of one count of aggravated possession of drugs and sentencing her to nine months in prison. Ohler claims on appeal that 1) her plea was not knowingly, intelligently, and voluntarily made and 2) the trial court should have imposed community control. For the reasons set forth below, the judgment of the trial court is affirmed.

{¶2} On January 18, 2022, the Crawford County Grand Jury indicted Ohler on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a felony of the fifth degree. Doc. 1. Ohler entered a plea of not guilty. Doc. 5. Ohler was released from custody on the condition that she not possess or use any drug of abuse and that she enter into drug treatment. Doc. 4. Later, the terms of bond were altered to include weekly drug testing. Doc. 13. On April 6, 2022, Ohler changed her plea to guilty. Doc. 15. The trial court accepted the guilty plea and entered a finding of guilt. Doc. 15. On April 11, 2022, the State filed a motion to revoke Ohler's bond on the grounds that she had been discharged from her treatment program for abusing her medications and breaking her behavior contract. Doc. 16. The trial court then revoked her bond. Doc. 17.

{¶3} On April 14, 2022, the trial court granted bond for a second time to Ohler. Doc. 20. The new bond terms included weekly drug screens and required Ohler to enter treatment at Day One. Doc. 20. On May 4, 2022, the State filed

another motion to revoke Ohler's bond after she was terminated from her treatment program for testing positive for methamphetamines. Doc. 21. The motion indicated that Ohler had admitted to smoking methamphetamine at the treatment facility. Doc. 21.

{¶4} The trial court held a sentencing hearing on May 11, 2022. Doc. 22. At that time, the trial court sentenced Ohler to nine months in prison. Doc. 22. Ohler appeals from this judgment and raises the following assignments of error on appeal.

### First Assignment of Error

**[Ohler's] plea was not made knowingly, intelligently, or voluntarily.**

### Second Assignment of Error

**The trial court erred by sentencing [Ohler] to nine (9) months in prison when [Ohler] was amenable to community control sanctions and was seeking treatment for drug addiction.**

*Guilty Plea*

{¶5} Ohler claims in her first assignment of error that her guilty plea was not knowingly, intelligently, or voluntarily entered. "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9.

> **In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**

**(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C)(2). "In addition to these constitutional rights, the trial court must determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 41, 71 N.E.3d 180.

{¶6} Ohler argues that her plea was not knowingly, intelligently, or voluntarily given because she entered her plea with the understanding that she would have 60-90 days to complete treatment before being sentenced and she was sentenced 35 days after entering her plea of guilty. At the change of plea hearing, the following dialogue occurred.

**The Court: \* \* \* It looks like the parties have agreed to a plea agreement. It's a little tricky. The parties are basically gonna [sic] agree to open sentencing. However, we're gonna [sic] set this**

for a sentencing date 60, 90 days down the road. The State is has [sic] basically indicated to the defense that assuming that the Defendant complies with all treatment, and has no positive drug screens, that they would then at that sentencing argue – not argue – recommend community control. In any event, that there's a positive drug screen, any other type of bond violation, which would include missing court, or the Defendant is not completing her counseling, the State would have the right then to recommend whatever sentence they believe that's appropriate, and that can include a prison sentence up to 12 months. Is that correct, counsel?

Ms. Higgins: That's correct.

The Court: Is that your understancing?

Mr. Motter: Yes, Your Honor. For the record, Your Honor, my client has been involved with the Lighthouse Behavioral Health Solutions since March of this year. Her program is expected to go through March of 2023. And the program seems to be fairly strict in that they will not let her out without an employee or a healthcare worker with her during the time.

The Court: All right. Well, I think the plan here is that basically the State, I think, was planning on recommending prison in this case. But they will give the Defendant a chance to basically prove to the State that she's doing well –

Mr. Motter: yes, sir.

The Court: -- and then obviously after her plea, if it is a community control violation, I think everybody understands that, you know, continued negative drug screens and continued treatment will be required.

So, Miss Ohler, do you understand what the agreement is here?

The Defendant: I do.

The Court: Basically it's an open sentencing. As of now, the State – there's no recommendation. But the State is verbally saying on

> **the record, has agreed now to put it on the record, that as long as you don't test positive for drugs, obey all conditions of bond, make sure that you continue with your counseling, that they will recommend community control for you. And then at that day we'd address all the terms and conditions of community control. Now, in the event that you would violate your bond in any way, test positive for a drug screen, or stop doing counseling, the State would be free to recommend a prison sentence from 6 to 12 months. Do you understand that?**
>
> **The Defendant: Yes, sir.**

Tr. 3-5. The trial court made it very clear that if she tested positive for drugs or violated any other term of her bond, the State would ask for prison time. Ohler stated that she understood the terms of the plea agreement. Ohler violated the terms of her bond five days later. Ohler was then given a second chance to comply at a new program. Twenty days after that, she had violated the terms of her bond and admitted to using drugs while in the treatment facility. Ohler knew at the time she entered her plea what the consequences would be if she violated the terms of the agreement. She told the court she understood what was required of her and was given multiple chances to succeed. Thus, she cannot now claim that she did not know what would happen if she violated the agreement or that the State did not give her the time to complete the treatment. Based upon Ohler's own statements in response to the trial court's questions, the plea was knowingly, intelligently, and voluntarily entered. The first assignment of error is overruled.

*Sentence*

{¶7} Ohler claims in her second assignment of error that the trial court erred by sentencing her to prison rather than community control. Ohler argues that based upon R.C. 2929.11 and 2929.12, community control was the appropriate sentence. Our standard of review in this matter is whether the sentence was clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10, 59 N.E.3d 1231 and R.C. 2953.08(G)(2). The Supreme Court of Ohio has further limited the review of the sentence imposed by an appellate court by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39, 169 N.E.3d 649. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 3d Dist. Allen No. 1-20-49, 2021-Ohio-1768, 173 N.E.3d 94. When reviewing felony sentences that are imposed solely after applying R.C. 2929.11 and R.C. 2929.12, this Court shall no longer analyze whether those sentences are unsupported by the record. Our task is simply to determine whether those sentences are contrary to law. *State v. Criswell*, 3d Dist. Marion No. 9-21-40, 2022-Ohio-2450, ¶ 13.

{¶8} This Court has no authority under R.C. 2953.08(G)(2) to reverse the sentence on the grounds that the record does not support the trial court's application of R.C. 2929.11 and 2929.12. The trial court considered the statutory factors set

forth in R.C. 2929.12 and considered the overriding purposes of felony sentencing set forth in R.C. 2929.11.  The sentence imposed was within the statutory range of sentences.  Thus, the sentence imposed was not contrary to law.  The second assignment of error is overruled.

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Crawford County is affirmed.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/hls**