[Cite as *State v. Stepp*, 2024-Ohio-914.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 22CA4005 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| JAMES G. STEPP, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | **RELEASED 3/07/2024** |

_____

APPEARANCES:

Robert Shawn Stratton, Portsmouth, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

Smith, P.J.

{¶1}  James G. Stepp, Appellant, appeals from the judgment of the Scioto County Court of Common Pleas convicting him of one count of aggravated trafficking in drugs, a second-degree felony in violation of R.C. 2925.03(A)(2) and (C)(1)(d); one count of aggravated possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a); and one count of possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A) and (C).  On appeal, Stepp essentially contends that his guilty pleas were not made knowingly, intelligently, and voluntarily.  However, after considering the totality of the

circumstances, we cannot conclude that Stepp's guilty pleas were not knowing, intelligent, or voluntary or that the trial court erred in its acceptance of the pleas. Thus, we find no merit to his arguments. Accordingly, Stepp's sole assignment of error is overruled and the judgment of the trial court is affirmed.

FACTS

{¶2} On March 29, 2022, Stepp was indicted on six felony counts as follows:

| | |
|---|---|
| Count One: | Aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a second-degree felony; |
| Count Two: | Aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A) and (C)(1)(c), a second-degree felony; |
| Count Three: | Aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A) and (C)(1)(a), a fifth-degree felony; |
| Count Four: | Tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a third-degree felony; |
| Count Five: | Possessing drug abuse instruments in violation of R.C. 2925.12(A) and (C), a second-degree misdemeanor; and |
| Count Six: | Possessing criminal tools in violation of R.C. 2023.23(A) and (C), a fifth-degree felony. |

In addition to naming Stepp, the indictment also named Neil T. Melvin and Angel M. Thompson as co-defendants.[1]  The charges stemmed from a traffic stop that occurred on February 23, 2022.

{¶3}  On August 5, 2022, Stepp filed a motion requesting that the court allow him to join the motion to suppress filed by his co-defendant, Melvin.  The trial court allowed the motion to join but ultimately denied the motion to suppress after holding a suppression hearing on August 17, 2022.  Prior to start of the suppression hearing, plea negotiations took place but did not result in a plea agreement.  The plea offer that was made was withdrawn by the State at that time. The matter then proceeded to a final pretrial hearing on September 1, 2022.  The transcript from that hearing reveals that the trial court confirmed that any prior offers that had been made by the State had been withdrawn and that no counter-offers remained on the table.  The matter then proceeded to trial.

{¶4}  On the morning of the scheduled trial, the trial court was informed that a plea agreement had been reached.  The transcript from the combined plea and sentencing hearing that was held on October 3, 2022 reveals that Stepp agreed to plead guilty to counts one, three, and six of the indictment in exchange for the dismissal of counts two, four, and five.  The deal also included the State's agreement to recommend a sentence of either community control or probation for

---

[1] It appears from the record that Thompson was Stepp's girlfriend.

Stepp's girlfriend, once she was apprehended. The transcript indicates that the parties agreed they would "argue sentencing" that morning.

{¶5} As a result, the trial court conducted the plea portion of the proceedings immediately thereafter and accepted Stepp's guilty pleas. Once the plea portion of the hearing was concluded, defense counsel and the State made their arguments to the court on the issue of sentencing. When the State concluded its argument, defense counsel informed the court that Stepp appeared to be confused in that he believed he was agreeing to the prior plea terms that had been previously withdrawn by the State. The trial court stated that if Stepp wished to withdraw his plea, a hearing on the matter would be held. At that time, Stepp conferred with his counsel and then defense counsel informed the court that Stepp wished to proceed. The sentencing hearing was concluded without any further mention of Stepp desiring to withdraw his guilty pleas.

{¶6} The trial court ultimately sentenced Stepp to a mandatory minimum prison term of 4 years, to an indefinite maximum prison term of up to 6 years, on count one. It also sentenced Stepp to 12-month prison terms on counts three and six, to be served consecutively to each other and consecutive to the sentence imposed on count one, for an aggregate minimum prison term of 6 years to an indefinite maximum prison term of up to 8 years, with 4 years being mandatory.

Stepp now appeals from the judgment of the trial court, setting forth a single

assignment of error for our review.

ASSIGNMENT OF ERROR

I.     THE TRIAL COURT'S FAILURE TO INQUIRY [SIC] OF MR. STEPP ABOUT WHETHER HE UNDERSTAND [SIC] THE CONSEQUENCES OF HIS PLEA SPECIFICALLY WHETHER HE UNDERSTOOD THAT HE WOULD BE ARGUING SENTENCING. THE PLEA DOES NOT RISE TO THE LEVEL OF BEING MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.

ASSIGNMENT OF ERROR I

{¶7} In his sole assignment of error, Stepp contends that his plea was not

made knowingly, intelligently, and voluntarily. More specifically, Stepp argues

that the trial court erred in proceeding with sentencing after defense counsel

informed the court that Stepp had misunderstood the fact that the initial plea

agreement had been withdrawn and that he would simply be "arguing sentencing."

The State responds by arguing that Stepp has failed to show that the trial court's

colloquy with him failed to comply with Crim.R. 11 or that his plea "was anything

other than knowing, intelligent, and voluntary." The State draws this Court's

attention to the fact that Stepp's guilty pleas were entered in exchange for the

dismissal of three additional charges and further notes that Stepp has, at no time,

filed a motion to withdraw his guilty pleas.

## Standard of Review

{¶8} Crim.R. 11(C)(2) governs the acceptance of guilty pleas by the trial court in felony cases and provides that a trial court should not accept a guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} "Thus, prior to accepting a guilty plea, a 'court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses.' " *State v. Tolle*, 2022-Ohio-2839, 194 N.E.3d 410, ¶ 9 (4th Dist.), quoting *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus (1981). *See also* Crim.R. 11(C)(2)(c). " 'In addition to these constitutional rights, the trial court must determine that the defendant understands

the nature of the charge, the maximum penalty involved, and the effect of the plea.' " *Tolle* at ¶ 9, quoting *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶10} When reviewing a defendant's constitutional rights (right to a jury trial, right to call witnesses, etc.), a trial court must strictly comply with Crim.R. 11(C)(2)(c). *Tolle, supra*, at ¶ 10; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. In contrast, when reviewing a defendant's non-constitutional rights (maximum penalty involved, understanding effect of plea, etc.), a trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b). *Tolle* at ¶ 11; *State v. Veney, supra*, ¶ 18. " '[S]ubstantial compliance' means that 'under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, ¶ 9, quoting *State v. Puckett*, 4th Dist. Scioto No. 03CA2920, 2005-Ohio-1640, ¶ 10, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Carter*, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979).

{¶11} As this Court observed in *Tolle*, *supra*, the *Veney* Court held as follows regarding the acceptance of guilty pleas:

> " 'When a defendant enters a plea in a criminal case, the plea
> must be made knowingly, intelligently, and voluntarily. Failure
> on any of those points renders enforcement of the plea
> unconstitutional under both the United States Constitution and

the Ohio Constitution.' " *Veney, supra*, at ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *State v. Montgomery, supra*, at ¶ 40; *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9.

*See Tolle*, at ¶ 12.

" 'It is the trial court's duty, therefore, to ensure that a defendant "has a full understanding of what the plea connotes and of its consequence." ' " *Tolle*, at ¶ 13; quoting *Montgomery* at ¶ 40, in turn quoting *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709 (1969); *State v. Conley*, 4th Dist. Adams No. 19CA1091, 2019-Ohio-4172, ¶ 34.

{¶12} When an appellate court evaluates whether a defendant knowingly, intelligently, and voluntarily entered a guilty plea, the court must independently review the record to ensure that the trial court complied with the Crim.R. 11 constitutional and procedural safeguards. *See Tolle*, at ¶ 14; *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 36; *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, ¶ 48; *Veney, supra*, at ¶ 13 ("Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)"); *State v. Kelley*, 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991) ("When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed"); *See also State v. Shifflet*, 2015-Ohio-

4250, 44 N.E.3d 966 (4th Dist.), ¶ 13, citing *State v. Smith*, 4th Dist. Washington No. 12CA11, 2013-Ohio-232, ¶ 10.

{¶13} "The purpose of Crim.R. 11(C) is 'to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.' " *Tolle* at ¶ 15, quoting *Ballard, supra*, at 479-480. As set forth above, although literal compliance with Crim.R. 11(C) is preferred, it is not required. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19. Therefore, an appellate court will ordinarily affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained "in a manner reasonably intelligible to that defendant" the consequences of pleading guilty. *Ballard* at paragraph two of the syllabus; *Barker* at ¶ 14; *Veney* at ¶ 27; *Conley* at ¶ 37.

{¶14} Additionally, it has been held that a defendant who seeks to invalidate a plea on the basis that the trial court partially, but not fully, informed the defendant of his or her non-constitutional rights must demonstrate a prejudicial effect. *See Tolle* at ¶ 16; *Veney* at ¶ 17; *Clark* at ¶ 31. To demonstrate that a defendant suffered prejudice due to the failure to fully inform the defendant of his or her non-constitutional rights, the defendant must establish that, but for the trial court's failure, a guilty plea would not have been entered. *See Clark* at ¶ 32, citing

*State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990) (stating that "[t]he test is 'whether the plea would have otherwise been made' "). However, when a trial court completely fails to inform a defendant of his or her non-constitutional rights, the plea must be vacated, and no analysis of prejudice is required. *See Clark* at ¶ 32, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

Legal Analysis

{¶15} Stepp makes several arguments and interesting statements in support of his assignment of error. First, Stepp's appellate brief sets forth a section of the combined plea and sentencing hearing transcript and represents to this Court that he expressed confusion regarding his understanding of the maximum sentence he was facing "during the plea hearing[.]" Thus, Stepp seems to suggest that the trial court erred in not clearing up the confusion before accepting the pleas and proceeding with sentencing. However, as will be discussed more fully below, Stepp's counsel did not mention any confusion on the part of Stepp during the plea portion of the hearing. In fact, the record indicates that defense counsel did not allege confusion on Stepp's part until after his guilty pleas had been accepted, and until midway through the sentencing hearing after the State made its arguments regarding sentencing to the court.

{¶16} Next, Stepp argues/states as follows:

> This court like so many other courts make the statement that the court can proceed with sentencing and impose any sentence that the court deems necessary up to the maximum. It is common for the court to follow the plea recommendation even after making such a statement. The fact that the court spoke about the maximum definite and indefinite sentences above should not be taken as a [sic] indication of acquiescence to the possibility of a maximum sentence.

Initially, we must note that it is abundantly clear from this record that all prior plea offers had been rejected by Stepp and had been withdrawn by the State. It is also abundantly clear from the record that Stepp finally entered the plea agreement at issue in exchange for the dismissal of three other pending charges and leniency in sentencing to be shown to his girlfriend, with an express agreement that his own sentencing would be argued to the court. Thus, any suggestion by Stepp that he expected the trial court to impose a jointly recommended or agreed sentence as part of the plea agreement is simply not supported by the record. Further, and contrary to Stepp's argument, when a court informs a defendant of the maximum sentence he or she is facing in the absence of a plea agreement that includes an agreed sentence, the defendant should heed the warnings of the court when proceeding with entering a guilty plea.

{¶17} Stepp further argues/states as follows:

> *The Court did substantially comply with Crim.R. 11.* However, the Court failed to inquiry [sic] of the Defendant whether he understood the possibility of receiving the maximum sentence or a sentence other than the prior plea agreement. Without an explanation of the effect of his guilty plea, specifically that the

> Defendant was not entering a plea agreement but was merely arguing sentencing, the Defendant's plea was not knowingly, intelligently, and voluntarily made. (Emphasis added).

Stepp essentially asserts that the trial court failed to fully explain "the effect of his guilty plea," while simultaneously asserting that "[t]he Court did substantially comply with Crim.R. 11." These two assertions are incongruent. Moreover, the record only supports one of these assertions, which is that the trial court substantially complied with Crim.R. 11 in informing Stepp of the maximum penalty related to his guilty pleas, which as set forth above, constitutes a non-constitutional right for which only substantial compliance is required.

{¶18} After a review of the entire record, it appears that prior to the beginning of the suppression hearing, there was some discussion on the record related to Stepp pleading guilty to one count of second-degree-felony trafficking in drugs in exchange for the dismissal of the remaining counts of the indictment, along with a recommendation by the State for a four-year mandatory prison term, but with the possibility of the trial court ordering that only two of the four years be mandatory. However, that plea offer was rejected on the record by Stepp prior to the start of the suppression hearing and was at that time withdrawn by the State. Thereafter, Stepp's motion to suppress was denied and the matter proceeded to a final pretrial hearing where Stepp agreed through counsel that all prior offers had been withdrawn and that there were no counter-offers on the table. The trial court

explained on the record the maximum penalty Stepp would be facing absent a plea agreement and Stepp voiced understanding of the information and stated he had no questions about the maximum possible sentence.

{¶19} Thereafter, on the morning of the scheduled jury trial, an agreement was reached whereby Stepp would plead guilty to counts one, three, and six, in exchange for the dismissal of counts two, four, and five, and the parties would argue sentencing to the court. A review of the plea and sentencing hearing transcript reveals that the plea deal also included the State's agreement to offer Stepp's girlfriend, who was a co-defendant, either community control or probation in light of her "lesser involvement" in the matter. All of this was discussed in open court and both Stepp and his counsel stated they understood the terms.

{¶20} The trial court confirmed Stepp not only signed, but that he understood, a written plea form, a written waiver of trial by jury form, as well as a written indefinite sentencing advisory form. Thereafter, the trial court engaged Stepp in a complete Crim.R. 11 colloquy before accepting his guilty pleas and concluding the plea portion of the hearing. The plea colloquy included a detailed recitation of the maximum penalties for counts one, three, and six, and Stepp reaffirmed his signature on the written forms once the trial court's oral explanation of the maximum penalties was concluded. The matter then proceeded to sentencing.

{¶21} In arguing sentencing to the court, defense counsel stated that Stepp had a drug addiction problem and requested that the court "impose the same sentence [they] had previously discussed." In making its argument to the court, the State referenced the large volume of methamphetamine recovered, which seemed to indicate more than personal use, and also noted Stepp's lengthy criminal history. However, the State refrained from making a sentencing recommendation and instead essentially left the sentencing decision to the court, stating that "whatever the Court sees fit we will certainly accept * * *." At that point, and when the trial court asked defense counsel if he had anything to add in mitigation, defense counsel asked to approach and stated that Stepp "thought he was pleading and still getting the same thing we talked about." Defense counsel further stated that Stepp "may * * * want to withdraw his plea." The trial court informed defense counsel that if Stepp wished to withdraw his guilty pleas the court would hold a hearing. At that point, defense counsel and Stepp conferred and then defense counsel stated: "We're prepared to go forward, Your Honor." As a result of Stepp's voiced misunderstanding, the trial court offered Stepp an "additional opportunity of allocution," which Stepp declined. The trial court went on to impose sentence and the sentencing portion of the hearing was concluded without any further mention of Stepp wanting to withdraw his guilty pleas.

{¶22} Although not identical, the arguments contained herein are somewhat analogous to the arguments which were raised and rejected in *State v. Sheets*, 4th Dist. Jackson No 22CA1, 2023-Ohio-2592. In *Sheets*, the defendant argued that a statement she made during the allocution portion of the combined plea and sentencing hearing constituted a statement of actual innocence on her part, or in the alternative, that "she was confused regarding the nature of the offenses to which she was pleading guilty." *Id.* at ¶ 18. Although the present case does not involve a statement of actual innocence, it does essentially involve the claim that Stepp was confused as to the terms of the plea agreement, specifically with respect to the maximum penalties for the charges to which he was pleading guilty. In *Sheets*, we reviewed the complete record and determined, based upon the totality of the circumstances, that Sheets' argument was not well taken. *Id.* at ¶ 30. In reaching that decision, we reviewed and relied on the documents provided to Sheets, which included the written plea form, as well as her statements during the plea colloquy as evidenced by the plea hearing transcript, and her counsel's representations as to her understanding. *Id.* at ¶ 28, 30.

{¶23} Here, a review of the suppression hearing transcript, the final pre-trial hearing transcript, the written plea form, as well as the combined plea and sentencing hearing transcript indicates that the trial court substantially complied with Crim.R. 11(C) in accepting Stepp's guilty pleas. Therefore, after considering

the totality of the circumstances, we cannot conclude that Stepp's guilty pleas were not knowing, intelligent, or voluntary or that the trial court erred in its acceptance of the pleas. Accordingly, we find no merit to Stepp's sole assignment of error and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J., & Hess, J.: Concur in Judgment and Opinion.


For the Court,


_____
Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**

  **Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**