[Cite as *State v. Darrington*, 2024-Ohio-2299.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

Released 6/12/24

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 22CA4007 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| DEWAYNE DARRINGTON, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Valerie M. Webb, The Office of Valerie M. Webb, LLC, Portsmouth, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Dewayne Darrington, Appellant, appeals from the judgment of the Scioto County Court of Common Pleas convicting him of one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(e), and one count of trafficking in heroin in violation of R.C. 2925.03(A)(2) and (C)(6)(e), both second-degree felonies. On appeal, Darrington raises a single assignment of error contending that the trial court erred in sentencing him to a harsher term than that of the jointly-recommended sentence. However, after considering the totality of the

circumstances, we cannot conclude that Darrington's guilty plea was not knowing, intelligent, or voluntary or that the trial court erred in its acceptance of the plea or in imposing sentence. Thus, we find no merit to Darrington's argument. Accordingly, Darrington's sole assignment of error is overruled and the judgment of the trial court is affirmed.

## FACTS

{¶2} On November 6, 2019, Darrington was indicted on four felony counts as follows:

| | |
|---|---|
| Count One: | Trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(e), a second-degree felony; |
| Count Two: | Possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(d), a second-degree felony; |
| Count Three: | Trafficking in heroin in violation of R.C. 2925.03(A)(2) and (C)(6)(e), a second-degree felony; and |
| Count Four: | Possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(d), a second-degree felony. |

Darrington initially entered pleas of not guilty to the charges and the matter proceeded toward trial.

{¶3} Darrington thereafter entered into plea negotiations with the State which resulted in him agreeing to plead guilty to counts one and three, trafficking

in cocaine and heroin, respectively, as well as agreeing to dismiss his pending motion to suppress, in exchange for the State's agreement to dismiss counts two and four.  Additionally, the plea agreement included an agreement between Darrington and the State for a jointly-recommended sentence of two years on each count, to run concurrently.

{¶4}  A change of plea hearing was held on August 30, 2022.  The trial court engaged in a plea colloquy with Darrington that, in addition to providing him with the required constitutional and nonconstitutional advisements required by Crim.R. 11, also informed him that the trial court was not bound by the joint sentencing recommendation agreed to by both Darrington and the State.  The trial court accepted Darrington's guilty pleas, released him on bond, and set the matter for a sentencing hearing on a later date.

{¶5}  A sentencing hearing was held on September 27, 2022; however, Darrington failed to appear.  Defense counsel advised the court that Darrington did not have a valid driver's license and that the transportation he had arranged had fallen through.  The trial court revoked Darrington's bond, issued a warrant, but ordered that the warrant be held until the next day in the hopes that Darrington would arrive by the next morning.  When Darrington failed to appear the next day, the warrant was issued.

{¶6}  Darrington voluntarily turned himself in three days later.  The rescheduled sentencing hearing took place on October 17, 2022.  Defense counsel again explained the reasons for Darrington's failure appear and requested that the jointly recommended sentence be imposed.  The State, however, took the position that Darrington had violated the agreement by failing to appear, reminded the trial court that the State's earlier position on sentencing had been two years on each count to be served consecutively for an aggregate four-year sentence, but ultimately asked the trial court to impose whatever sentence it "deemed appropriate."

{¶7}  The trial court sentenced Darrington to three years on count one and two years on count three, to be served concurrently for a total of three years, which was within the statutorily-permitted range for two second-degree felonies. Darrington thereafter filed his appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

I.      THE TRIAL COURT ERRED IN SENTENCING
        APPELLANT TO A HARSHER TERM THAN THE
        JOINTLY RECOMMENDED SENTENCE.

ASSIGNMENT OF ERROR I

{¶8}  In his sole assignment of error, Darrington contends that the trial court erred in sentencing him to a harsher term than the jointly recommended sentence.

While he acknowledges "that the trial court was not bound by the sentencing recommendation," he argues that " he may not have gone through with the agreement had he known the court would not adopt the recommendation." He further argues that "he may have chosen to proceed with his Motion to Suppress and, ultimately, trial." Thus, Darrington essentially argues that his plea was not made knowingly, intelligently, and voluntarily. Darrington requests "that this Court reduce [his] sentence from three years to two years on Count 1 of the indictment."

{¶9} The State first responds by arguing "that the sentence imposed in this matter effectively remained an agreed sentence despite Appellant's failure to appear and the imposition of a slightly longer sentence by the trial court." The State next argues that "this appeal should be dismissed outright because Appellant entered a plea agreement for a sentence authorized by law that was jointly recommended by the defense and prosecution and imposed by the sentencing judge." However, we reject the State's arguments because the record clearly demonstrates that the trial court did not impose the sentence jointly recommended by the parties. The parties agreed to two-year sentences each for counts two and four, to run concurrently for an aggregate two-year sentence. Instead, the trial court ended up sentencing Darrington to three years on count one and two years on count three, to be served concurrently for an aggregate sentence of three years.

Three years is not "effectively" the same as two years. Thus, we find no merit to the first two counter arguments raised by the State. The State alternatively argues that Darrington cannot "show that his plea was not voluntarily made." For the following reasons, we agree with this argument made by the State.

### Standard of Review

{¶10} Crim.R. 11(C)(2) governs the acceptance of guilty pleas by the trial court in felony cases and provides that a trial court should not accept a guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11} "Thus, prior to accepting a guilty plea, a 'court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory

process of witnesses.' " *State v. Tolle*, 2022-Ohio-2839, 194 N.E.3d 410, ¶ 9 (4th Dist.), quoting *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus (1981).  *See also* Crim.R. 11(C)(2)(c).  " 'In addition to these constitutional rights, the trial court must determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea.' "  *Tolle* at ¶ 9, quoting *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶12}  When reviewing a defendant's constitutional rights (right to a jury trial, right to call witnesses, etc.), a trial court must strictly comply with Crim.R. 11(C)(2)(c).  *Tolle, supra*, at ¶ 10; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.  In contrast, when reviewing a defendant's non-constitutional rights (maximum penalty involved, understanding effect of plea, etc.), a trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b). *Tolle* at ¶ 11; *State v. Veney, supra*, ¶ 18.  " '[S]ubstantial compliance' means that 'under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' "  *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, ¶ 9, quoting *State v. Puckett*, 4th Dist. Scioto No. 03CA2920, 2005-Ohio-1640, ¶ 10, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Carter*, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979).

{¶13} As this Court observed in *Tolle*, *supra*, the *Veney* Court held as follows regarding the acceptance of guilty pleas:

> " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *Veney, supra*, at ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *State v. Montgomery, supra*, at ¶ 40; *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9.

*See Tolle*, at ¶ 12.

" 'It is the trial court's duty, therefore, to ensure that a defendant "has a full understanding of what the plea connotes and of its consequence." ' " *Tolle*, at ¶ 13; quoting *Montgomery* at ¶ 40, in turn quoting *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709 (1969); *State v. Conley*, 4th Dist. Adams No. 19CA1091, 2019-Ohio-4172, ¶ 34.

{¶14} When an appellate court evaluates whether a defendant knowingly, intelligently, and voluntarily entered a guilty plea, the court must independently review the record to ensure that the trial court complied with the Crim.R. 11 constitutional and procedural safeguards. *See Tolle*, at ¶ 14; *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 36; *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, ¶ 48; *Veney, supra*, at ¶ 13 ("Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant

of the constitutional rights listed in Crim.R. 11(C)(2)(c)"); *State v. Kelley*, 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991) ("When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed"); *See also State v. Shifflet*, 2015-Ohio-4250, 44 N.E.3d 966 (4th Dist.), ¶ 13, citing *State v. Smith*, 4th Dist. Washington No. 12CA11, 2013-Ohio-232, ¶ 10.

{¶15} "The purpose of Crim.R. 11(C) is 'to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.' " *Tolle* at ¶ 15, quoting *Ballard, supra*, at 479-480. As set forth above, although literal compliance with Crim.R. 11(C) is preferred, it is not required. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19. Therefore, an appellate court will ordinarily affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained "in a manner reasonably intelligible to that defendant" the consequences of pleading guilty. *Ballard* at paragraph two of the syllabus; *Barker* at ¶ 14; *Veney* at ¶ 27; *Conley* at ¶ 37.

{¶16} Additionally, it has been held that a defendant who seeks to invalidate a plea on the basis that the trial court partially, but not fully, informed the defendant of his or her non-constitutional rights must demonstrate a prejudicial

effect. *See Tolle* at ¶ 16; *Veney* at ¶ 17; *Clark* at ¶ 31. To demonstrate that a

defendant suffered prejudice due to the failure to fully inform the defendant of his

or her non-constitutional rights, the defendant must establish that, but for the trial

court's failure, a guilty plea would not have been entered. *See Clark* at ¶ 32, citing

*State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990) (stating that "[t]he

test is 'whether the plea would have otherwise been made' "). However, when a

trial court completely fails to inform a defendant of his or her non-constitutional

rights, the plea must be vacated, and no analysis of prejudice is required. *See*

*Clark* at ¶ 32, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881

N.E.2d 1224, ¶ 22.

Legal Analysis

{¶17} As set forth above, the present case involves a trial court's imposition

of a sentence that exceeded the sentence that was jointly recommended by the

parties. We initially note that generally, "a 'trial court is not bound by a

[sentencing] recommendation.' " *State v. Howard*, 2017-Ohio-9392, 103 N.E.3d

108, ¶ 58 (4th Dist.), quoting *State v. Bailey*, 5th Dist. Knox No. 05-CA-13, 2005-

Ohio-5329, ¶ 15. We explained in *Howard* that " ' "[a] trial court does not err by

imposing a sentence greater than 'that forming the inducement for the defendant to

plead guilty when the trial court forewarns the defendant of the applicable

penalties, including the possibility of imposing a greater sentence than that

recommended by the prosecutor.' " ' " *Howard* at ¶ 58, quoting *State ex rel.*

*Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6,

quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d

1003, ¶ 13 (5th Dist.), in turn quoting *State v. Pettiford*, 12th Dist. Fayette No.

CA2001-08-014, 2002 WL 652371, *3 (Apr. 22, 2002).

{¶18} As set forth above, Darrington not only argues that the trial court

erred by imposing a sentence that exceeded the one that was agreed upon, he

argues that had he known the trial court would not impose the jointly

recommended sentence, he "may not have gone through with the agreement" and

he might have instead pursued his suppression motion and further proceeded to

trial. Thus, he appears to contend that his plea was less than knowing, intelligent

and voluntary to the extent he was not informed that the trial court was not bound

by the sentencing recommendation. However, the hearing transcript from the

change of plea hearing clearly demonstrates that Darrington was informed that the

trial court retained discretion in sentencing in general, and in particular that if

Darrington should fail to appear for sentencing, the trial court was not bound by

the joint recommendation. For example, the following exchange took place

between the trial court and Darrington:

> THE COURT: Now sir, the lawyers have indicated to me
> this is what's known as a jointly
> recommended and agreed sentence, which
> means when we come back for sentencing

you and your lawyer will be recommending a two year sentence on each of these, to be run concurrently, or at the same time, for – which would mean a two year sentence, and the Prosecutor would be making a sentencing recommendation. Do you understand that if I adopt that joint recommendation that by proceeding with sentencing in that fashion that you'd be waiving your right to appeal the sentence that I give you?

DEFENDANT:    Yes, sir.

THE COURT:    All right. Now, the other side of that is we're not going to do sentencing today. So, do you understand that I'm not bound by that joint recommendation? In other words, if you would get in trouble between now and then, or if you wouldn't come back for sentencing, or otherwise violate the conditions of your bond, do you understand I'm not bound by this joint recommendation?

DEFENDANT:    Yes, sir.

THE COURT:    Is this all what you want to do here today?

DEFENDANT:    Yes, sir.

{¶19} Darrington fails to cite any cases in support of his argument that a trial court errs by imposing a sentence that exceeds the sentence jointly recommended by the parties. Further, as set forth above, this Court has held the very opposite by finding that " ' "[a] trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when

the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.' " ' " *Howard*, *supra*, at ¶ 58, quoting *State ex rel. Duran v. Kelsey*, *supra*, at ¶ 6, quoting *State v. Buchanan*, *supra*, at ¶ 13, in turn quoting *State v. Pettiford*, *supra*, at *3. In addition to these cases, we find several other cases to be instructive on this question.

{¶20} For instance, *State v. Ohler* involved an appellate court affirmance of a trial court's decision to vary from an otherwise stipulated sentence. *State v. Ohler*, 3d. Dist. Crawford No. 3-22-23, 2022-Ohio-4066. In *Ohler*, the court "made much of the fact that the trial judge was specific on the record that if [Ohler] tested positive for drugs or violated the terms of her bond, the agreement would likely not be followed." Here, the trial court specifically warned Darrington that should he get into more trouble between the change of plea and sentencing hearings, fail to appear for sentencing, or violate the terms of his bond, it would not be bound to impose the jointly recommended sentence.

{¶21} We further find the recent reasoning set forth in *State v. Bakos*, 2023-Ohio-2827, 223 N.E.3d 516 (11th Dist.) to be helpful in analyzing the question before us. In *Bakos*, the court of appeals held that the trial court violated Bakos' due process by accepting the parties' stipulated sentencing recommendation and then imposing a harsher penalty than agreed. *Id.* However, in *Bakos*, it was

specifically determined that the trial court "accepted the stipulated sentencing recommendation." *Id.* at ¶ 33. The trial court in *Bakos* stated in its sentencing entry that the "sentence is a stipulated sentence pursuant to R.C. 2953.08." Based upon those facts, the *Bakos* court held that the trial court was bound to impose the agreed, or stipulated, sentence. *Id.* at ¶ 40. In reaching its decision, the *Bakos* court explained as follows:

> Due process concerns are implicated in "whether the accused was put on notice that the trial court might deviate from the recommended sentence or other terms of the agreement before the accused entered his plea and whether the accused was given an opportunity to change or to withdraw his plea when he received this notice." [*City of Warren v. Cromley*, 11th Dist. Trumbull No. 97-T-0213, 1999 WL 76756, *3], citing Katz & Giannelli, Criminal Law, Section 44.8, at 154-155, (1996).
>
> *There is no due process violation where the defendant is forewarned of the possibility that the trial court may impose a greater penalty than the one forming the inducement for the plea.* State ex rel. Duran v. Kelsey, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6.
>
> "[T]he touchstone for determining constitutional fairness in plea submissions is notice." [*State v. Elliott*, 1st Dist., 2021-Ohio-424, 168 N.E.3d 33], ¶ 18. Where the trial court does not provide adequate notice that it will not accept a stipulated plea, "the remedy is to resentence the defendant in accordance with the recommendation or allow the defendant to withdraw his plea." *Id.* at ¶ 19; *See* [*State v. Allgood*, 9th Dist. Lorain Nos. 90CA004903, 90CA004905 and 90CA004907, 1991 WL 116269, *3 (June 19, 1991)].

*Bakos* at ¶ 28-30. (Emphasis added).

{¶22} Similarly, in *State v. Bonnell*, the court determined that the trial court made a sentencing promise to Bonnell that was "definite and certain[,]" and that "the trial court did not give [Bonnell] any notice that it intended to deviate from the terms of the plea bargain." *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, ¶ 19-20. Based upon those findings, the court found reversible error "because the trial court explicitly promised appellant it would not sentence him to prison, then failed to follow through on its promise at the sentencing hearing without stating its intention and without giving appellant the opportunity to withdraw his plea." *Id.* at ¶ 22. In reaching its decision, the *Bonnell* court reasoned as follows:

> *The facts of this case differ from cases in which a trial court states that it is inclined to sentence a defendant in a particular way and states that inclination in conditional terms. See State v. Burton* (1977), 52 Ohio St.2d 21, 368 N.E.2d 297 (defendant cautioned by trial court that he would not receive consideration in sentencing if arrested before hearing). The facts also differ from those cases in which the state recommends a sentence and the trial court is not directly involved in plea negotiations. *State v. Gastaldo* (Sept. 21, 1998), Tuscarawas App. No. 98AP010006 (trial court informed defendant that it was not bound by recommended sentence); *State v. Skrip*, Greene App. No.2001-CA-74, 2002-Ohio-538930 (trial court stated that it did not promise anything with regard to plea agreement and that the underlying agreement was between the defendant and the state, not the court).

*Bonnell* at ¶ 19. (Emphasis added).

{¶23} The *Bonnell* Court further reasoned as follows:

> The analysis in cases such as this one centers on whether the defendant was put on notice that the trial court might deviate from the terms of the plea agreement and whether the defendant was given an opportunity to withdraw his plea after receiving notice. *See Warren v. Cromley* (Jan. 29, 1999), Trumbull Co. App. No. 97-T-0213.

*Id.* at ¶ 21.

Because the *Bonnell* court determined that the trial court did not clearly warn Bonnell that it might deviate from the plea agreement, it held that the case had to be remanded and one of two remedies must be offered. *Id.* at ¶ 23. "Either the trial court must sentence appellant in accordance with the plea agreement or if it determines such a sentence is no longer appropriate, it must allow appellant the opportunity to withdraw his guilty plea." *Id.*

{¶24} As such, when viewed together the above cases indicate that if it is determined that a trial court accepted a jointly recommended sentence and unequivocally agreed to impose it, and then imposes a harsher sentence than that agreed upon without warning a defendant that it might vary from the agreement if certain conditions are not met, then reversible error occurs which necessitates either a remand for resentencing in accordance with the terms of the original plea agreement, or to allow the defendant to withdraw his guilty plea. Importantly, however, no reversible error occurs when it is determined that a trial court sufficiently warned a defendant that a harsher sentence than the one agreed upon

may be imposed if certain conditions are not met, or if certain conduct occurs, between the plea and sentencing hearings.

{¶25} Here, aside from contending that the trial court erred in sentencing him to a harsher sentence than the one agreed upon with the State, Darrington does not argue that the trial court otherwise failed to comply with Crim.R. 11 in accepting his guilty pleas. Moreover, a review of the change-of-plea hearing transcript demonstrates that the trial court complied with Crim.R. 11(C) in accepting Darrington's guilty pleas. Unlike *Bakos* and *Bonnell*, this was not a situation where the trial court accepted a jointly recommended sentence and unequivocally agreed to impose that sentence.

{¶26} Instead, the record demonstrates that the trial court clearly informed Darrington that imposition of the jointly recommended sentence was contingent upon Darrington staying out of trouble, appearing for sentencing, and abiding by the terms of his bond. Darrington voiced understanding and agreed to these terms in entering his pleas of guilt. Darrington's failure to appear for his sentencing hearing, despite his lack of transportation, voided the terms of his plea agreement and released the trial court from any obligation it may have had to impose the jointly recommended sentence. The record demonstrates that although the trial court issued a warrant for Darrington's arrest upon his failure to appear for sentencing, it ordered that the warrant be held for one day in the hopes Darrington

would appear later in the day or by the next morning.  Unfortunately, when a day passed and Darrington still failed to appear, the warrant was issued.

{¶27}  In light of the facts presently before us, and after considering the totality of the circumstances, we cannot conclude that Darrington's guilty plea was not knowing, intelligent, or voluntary or that the trial court erred in its acceptance of the plea or imposition of sentence.  Accordingly, we find no merit to Darrington's sole assignment of error and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith

Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**